UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| JAMES E. SCHULZ, ) | |
| ) | CASE NO. |
| Plaintiff, ) | |
| ) | TRIAL BY JURY |
| v. ) | DEMANDED |
| ) | |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, a corporation. ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JAMES E. SCHULZ, by his attorneys, DUNN HARRINGTON LLC, and complaining of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY ("NSRC"), states as follows:

1. Jurisdiction of this Court as to Plaintiff, JAMES E. SCHULZ, and Defendant NSRC, is invoked under the provision of Title U.S.C. Sec. 56 and Title 28 U.S.C. Sec. 1331.

2. The Defendant, NSRC, was at all times relevant to this cause of action a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between various states of the United States, including the Northern District of Ohio.

3. Venue for this cause of action exists in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. Sec. 1391(b).

4.     At all times alleged herein, Plaintiff JAMES E. SCHULZ was employed as a conductor and switchman for Defendant, NSRC, and his duties were in furtherance of interstate commerce.

5.     At the time and place aforesaid, both Plaintiff, JAMES E. SCHULZ, and Defendant, NSRC, were subject to an Act of Congress commonly known as the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60.

6.     On or about February 14, 2020, Plaintiff sustained personal injury while employed by Defendant, NSRC, at or near Berea, Ohio.

7.     At the time and place aforesaid, Plaintiff was assigned to work on a freight train.

8.     At the time and place aforesaid, as part of his duties Plaintiff was required to walk on the exterior passageway of a locomotive.

9.     The exterior passageway of the locomotive was covered with snow and ice which had not been removed, properly salted or treated to provide reasonably safe walking conditions.

10.    At the time and place aforesaid, as Plaintiff was walking on the aforesaid exterior passageway of said locomotive, he was caused to be injured when he slipped and fell as a result of the aforementioned unsafe walking conditions.

11.    Plaintiff, JAMES E. SCHULZ was acting at all times alleged herein within the scope of his employment and in furtherance of the business of Defendant, NSRC.

12.    At the time and place aforesaid, it was Defendant NSRC's duty to Plaintiff to exercise ordinary care to provide Plaintiff with a reasonably safe place in which to work.

13. At the time and place aforesaid, Defendant possessed a non-delegable duty under the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60, to provide Plaintiff with a reasonably safe place in which to work.

14. At the time and place aforesaid, Defendant, NSRC, had a duty under the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60, to comply with the requirements of the Code of Federal Regulations, 49 C.F.R. Part 229, et seq.

15. At the time and place aforesaid, Defendant, NSRC, had a duty under the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60, to comply with the requirements of the Federal Locomotive Inspection Act, 49 U.S.C. Sec. 20701, et seq.

16. At the time and place aforesaid, Defendant NSRC, by and through its conduct or the conduct of its duly authorized agents, was negligent in the following particulars which caused, in whole or in part, injuries to Plaintiff JAMES E. SCHULZ:

   a. In failing to provide Plaintiff with a reasonably safe place in which to work;

   b. In failing to use reasonably safe methods in its train operations;

   c. In directing Plaintiff to work on a locomotive which was not in a reasonably safe condition for Plaintiff to perform his duties as a conductor;

   d. In failing to properly inspect its locomotives before Plaintiff was required to work on the same;

   e. In failing to properly remove snow and ice from the exterior locomotive engine passageway where it required Plaintiff to work;

   f. In failing to properly treat the exterior passageway with salt or another substance to remove the snow and ice from the exterior passageway of the locomotive engine where it required Plaintiff to work;

   g. In failing to warn Plaintiff of the presence of snow and ice on the exterior passageway of his locomotive;

   h. In allowing a locomotive to be used on its line that was not reasonably safe to operate without unnecessary danger of personal injury;

    i.       In requiring Plaintiff to work on a locomotive that failed to comply with the requirements of the Federal Locomotive Inspection Act, 49 U.S.C. Sec. 20701, et seq.;

    j.       In requiring Plaintiff to work on a locomotive that failed to comply with the requirements of the Code of Federal Regulations at 49 C.F.R. Part 229, et seq.;

    k.       In requiring Plaintiff to work on a locomotive that failed to comply with the requirements of the Code of Federal Regulations at 49 C.F.R. Part 229.45;

    l.       In requiring Plaintiff to work on a locomotive that failed to comply with the requirements of the Code of Federal Regulations at 49 C.F.R. Part 229.119(c); and

    m.       In requiring Plaintiff to work on a locomotive that failed to comply with the requirements of the Code of Federal Regulations at 49 C.F.R. Part 229.7.

17.    Plaintiff JAMES E. SCHULZ sustained personal injuries, disability, pain and suffering, loss of a normal life, medical expense, wage losses and other recoverable damages supported by the evidence and permitted by law resulting, in whole or in part, from the negligent and unlawful acts and omissions of Defendant, NORFOLK SOUTHERN RAILWAY COMPANY.

WHEREFORE, Plaintiff, JAMES E. SCHULZ, prays for judgment of damages against Defendant NORFOLK SOUTHERN RAILWAY COMPANY in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever amount the Court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

                Respectfully submitted,

By:   /s/ Robert E. Harrington, III
       Robert E. Harrington, III (#0096206)
       DUNN HARRINGTON LLC
       332 S. Michigan Ave., Suite 900
       Chicago, Illinois 60604
       Ph:   (312) 548-7221
       Fx:   (312) 548-7223
       E-mail:   reh@dunnharrington.com

*Attorneys for Plaintiff JAMES E. SCHULZ*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND**

| | | |
|---|---|---|
| JAMES E. SCHULZ, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | TRIAL BY JURY |
| v. | ) | DEMANDED |
| | ) | |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, a corporation. | ) | |

## **JURY DEMAND**

The Plaintiff, JAMES E. SCHULZ, by and through his attorneys, DUNN HARRINGTON LLC, hereby demands trial by jury.

                                        Respectfully submitted,

By:   /s/ Robert E. Harrington, III
        Robert E. Harrington, III (#0096206)
        DUNN HARRINGTON LLC
        332 S. Michigan Ave., Suite 900
        Chicago, Illinois 60604
        Ph:   (312) 548-7221
        Fx:   (312) 548-7223
        E-mail:   reh@dunnharrington.com

*Attorneys for Plaintiff JAMES E. SCHULZ*